GOLDBERG, MILLER & RUBIN P.C.
BY: Cy Goldberg, Esquire
I.D. NO. 35369
BY: Jason W. Rubin, Esquire
I.D. NO. 74835                                  Attorney for Defendant,
North American Building                         Eaton Electrical, as successor-in-
121 S. Broad Street, Suite 1500                 interest to Cutler-Hammer, Inc.
Philadelphia, Pennsylvania 19107
(215) 735-3994

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY | Civil Action No. MDL 875 |
| This document relates to: | |
| NADRA O'KEEFE, individually and as Special Administrator to ROBERT O'KEEFE | PA-ED No. 08-CV-92210 |

### DEFENDANT, EATON ELECTRICAL, AS SUCCESSOR-IN-INTEREST TO CUTLER-HAMMER, INC.'S MOTION FOR SUMMARY JUDGMENT

Defendant EATON ELECTRICAL, as successor-in-interest to CUTLER-HAMMER, INC. n/k/a EATON ELCTRICAL, INC. (named and served as "Cutler-Hammer, Inc.") (hereinafter referred to as "Eaton"), by its attorneys, Steven J. Scott of MacCabe & McGuire and Jason W. Rubin of Goldberg, Miller & Rubin hereby moves for summary judgment dismissing this action as to Eaton, with prejudice. In support of this motion, Eaton states:

**I.      FACTS**

1.      Plaintiff brought this action by filing a Complaint alleging that Robert O'Keefe contracted an alleged asbestos related disease as a result of exposure to products that allegedly contained asbestos that were manufactured and/or supplied by various defendants, including

Eaton. Eaton filed an answer denying plaintiff's general allegations of product exposure and negligence.

2. Plaintiff alleges that Robert O'Keefe was exposed to asbestos through his employment at Keystone Steel & Wire in Illinois during the years 1955-1991.

3. Mr. O'Keefe's deposition was not taken prior to his death.

4. The only deposition that has gone forward in this case is the deposition of Jack Sangalli. Mr. Sangalli's deposition was taken on October 20, 2011. See excerpts from Jack Sangalli's deposition transcript, attached hereto as Exhibit A.

5. Mr. Sangalli testified that he worked at Keystone from 1959-1976. See Exhibit A, page 132. Mr. O'Keefe's occupation at Keystone was as a brick mason, whose job duties did not include electrical work. See Exhibit A, page 133. Mr. Sangalli and Mr. O'Keefe had occasion to work in the same area at Keystone doing brick-work. See Exhibit A, page 133.

Once Mr. Sangalli went to work as an electrical apprentice in 1963 he never worked in close proximity to Mr. O'Keefe again. See Exhibit A, page 133. During his time as an electrical apprentice at Keystone, Mr. Sangalli never saw Mr. O'Keefe working on any Cutler-Hammer products. See Exhibit A, page 134. As well, Mr. Sangalli testified that he was unable to state whether or not Mr. O'Keefe may have been around a Cutler-Hammer product while it was being worked on. See Exhibit A, pages 134-138.

6. Plaintiff has not produced any documents or other evidence showing that Cutler-Hammer products were used at Keystone during the time Mr. O'Keefe was employed at Keystone. In addition, plaintiff has not produced any evidence that Mr. O'Keefe worked in the vicinity of Cutler-Hammer products that contained asbestos when any asbestos fiber or dust was released while he was working as a brick mason at Keystone.

**II.     ARGUMENT**

7.      As of the time of the filing of this Motion for Summary Judgment, the plaintiff has failed to produce any competent or definitive evidence that Robert O'Keefe was regularly exposed to any asbestos-containing product that may have been manufactured by Eaton which contributed to Mr. O'Keefe's alleged asbestos-related disease.

8.      In deciding a motion for summary judgment under Illinois law, the facts to be considered by the court are evidentiary facts.  Even though a complaint and answer may purport to raise issues of material fact, if such issues are not further supported by evidentiary facts through affidavits or other testimony, summary judgment is then appropriate.  If the party moving for summary judgment supplies such facts which, if not contradicted, would entitle that party to a judgment as a matter of law, the opposing party cannot rely upon his complaint alone to raise genuine issues of material fact.  <u>Pease v. International Union of Operating Engineers Local 150</u>, 208 Ill.App.3d 863, 567 N.E.2d 624, 153 Ill.Dec. 656, (2nd Dist. 1991); see also <u>Farm Credit Bank of St. Louis v. Isringhausen</u>, 210 Ill.App.3d 724, 569 N.E.2d 235, 155 Ill.Dec. 235 (4th Dist. 1991).  In the case presently before the Court, plaintiff's unsupported allegations in her Complaint fail to raise a genuine issue of material fact, and such reliance is therefore insufficient as a matter of law to defeat a motion for summary judgment.

### A.
### Plaintiff cannot prove causation and thus defendant Eaton is entitled to judgment as a matter of law.

9.      Illinois law provides that in order to recover damages based upon a defendant's alleged negligence, the plaintiff must allege and prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of

the plaintiff's injuries.  First Springfield Bank & Trust v. Galman, 188 Ill. 2d 252, 720 N.E.2d 1068, 242 Ill.Dec. 113 (1999).

   10. The pleadings, together with Mr. Sangalli's deposition testimony, show that there is no genuine issue as to any material fact concerning Mr. O'Keefe's lack of exposure to an Eaton asbestos-containing product, and therefore Eaton is entitled to judgment as a matter of law.  Plaintiff has not provided sufficient evidence that Mr. O'Keefe was exposed to any Eaton product containing asbestos, or that an Eaton product released asbestos to which Mr. O'Keefe had regular, frequent and proximate exposure sufficient to be a substantial factor in producing Mr. O'Keefe's alleged asbestos-related disease.  No witnesses have been proffered by plaintiff that support plaintiff's allegations of Mr. O'Keefe's exposure to Eaton asbestos-containing products.

   11. Under Illinois law, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005(c); Shriver Insurance Agency v. Utica Mutual Insurance Company, 323 Ill.App.3d 243, 750 N.E.2d 1253, 225 Ill.Dec. 868 (2nd Dist. 2001).  Under Illinois law, summary judgment should be granted when the pleadings, depositions, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *Id*. The use of summary judgment is encouraged as an aid in the expeditious disposition of a lawsuit and should be granted if the plaintiff cannot establish an element of her claim.  Dardeen v. Kuehling, 213 Ill.2d 329, 821 N.E.2d, 277, 290 Ill.Dec. 176 (2004).  Summary judgment in favor of a defendant is proper when a plaintiff has not established an essential element of a cause of action.  Rogers v. Clark Equipment Company, 318 Ill.App.3d 1128, 744 N.E.2d 364, 253 Ill.Dec. 82 (2nd Dist. 2001).  A defendant can obtain

summary judgment by introducing evidence that would entitle it to judgment as a matter of law, Purtill v. Hess, 111 Ill.2d 229, 489 N.E.2d 867, 95 Ill.Dec. 305 (1986), or by establishing that the non-movant lacks sufficient evidence to prove an essential element of his case.  Rice v. AAA Aerostar, Inc., 294 Ill.App.3d 801, 690 N.E.2d. 1067, 229 Ill.Dec. 20 (1998).  Once the defendant meets this burden, the burden shifts to the plaintiff to show that a genuine issue of material fact exists.  Shranek v. General Motors Corporation, 69 Ill.App.2d 72 (1st Dist. 1966).

12.     While a non-movant need not prove his case at the summary judgment stage, he must show a factual basis to support each element of his claim.  Bickerman v. Wosik, 245 Ill.App.3d 436, 438, 614 N.E.2d 551, 552, 185 Ill.Dec. 417 (3rd Dist. 1993).  More than a scintilla of evidence must be produced to raise a genuine issue of material fact and survive a motion for summary judgment.  Benner v. Bell, 236 Ill.App.3d 761, 768, 602 N.E.2d 896, 901, 177 Ill.Dec. 1 (4th Dist. 1992).  Moreover, "[a] plaintiff may not resist a motion for summary judgment, on an issue for which he has the burden of proof, by arguing that it is up to the movant to negate his case."  Benner, 236 Ill.App.3d at 769, 702 N.E.2d at 901; Webber v. Armstrong World Industries, Inc., 235 Ill.App.3d 790, 795-96, 601 N.E.2d 286, 290, 175 Ill.Dec. 889 (4th Dist. 1992).

13.     In an action for negligence arising from alleged exposure to asbestos, plaintiff must prove that the defendant's asbestos was the cause in fact of the injury.  To prove causation in fact, plaintiff must prove that exposure to asbestos caused the injury, and that it was the defendant's asbestos-containing product which caused the injury. To meet this burden, the plaintiff must show exposure to the defendant's asbestos through proof that decedent regularly worked in an area where asbestos from defendant's product was frequently released and that decedent worked in sufficient proximity to this area so as to come into contact with the asbestos

released from defendant's product.  Thacker v. UNR Industries, Inc., 151 Ill.2d 343, 603 N.E.2d 449, 177 Ill.Dec. 379 (1992); see also Celotex Corporation v. Catratt, 477 U.S. at 317, 106 S.Ct. 2548 (1986).

14.     Plaintiff has the burden of establishing *prima facia* evidence of product exposure in order to survive a motion for summary judgment.  Thacker, 151 Ill.2d at 362, 603 N.E.2d at 458 (1992).  Plaintiff may not rely upon scant or whimsical evidence of exposure to withstand summary judgment.  "The mere possibility that (plaintiff) could have been exposed to… (defendant's) product… is insufficient to withstand the motion for summary judgment."  Schultz v. Keene Corporation, 729 F.Supp. 609, 614 N.D. IL. 1990.  In asbestos litigation, proof of actual exposure to a product attributable to a defendant is essential to a plaintiff's case.  Catratt, 477 U.S. at 322, 106 S.Ct. at 2552-53; Zimmer v. Celotex Corporation, 192 Ill.App.3d 1088, 1091, 549 N.E.2d 881, 884, 140 Ill.Dec. 230 (1st Dist. 1989).

15.     In Zimmer, *supra*, the plaintiff failed to identify any products manufactured or distributed by the defendants in his answers to interrogatories or at his deposition, and the trial court granted summary judgment.  The appellate court affirmed the judgment, holding that summary judgment is appropriate where the plaintiff has failed to present evidence of exposure to a particular defendant's product.  192 Ill.App.3d at 1092.  This court should follow Zimmer and grant summary judgment to Eaton.

**B.
Plaintiff has failed to produce sufficient evidence of Robert O'Keefe's exposure to any product supplied by Eaton that actually contained asbestos.**

16.     Plaintiff has sued Eaton, among many other defendants, alleging that Mr. O'Keefe was generally exposed to various asbestos-containing products during the course of his

employment.  However, plaintiff has not produced sufficient evidence of his exposure, or that any Eaton product to which Mr. O'Keefe was allegedly exposed contained asbestos.

17.    A review of Jack Sangalli's deposition testimony reveals that there is insufficient evidence that Mr. O'Keefe was exposed to Eaton products that contained asbestos.  Mr. Sangalli could only testify that he recalled seeing Cutler-Hammer switchboards at Keystone.  He testified that he could not recall seeing Mr. O'Keefe working on Cutler-Hammer products at Keystone.  Mr. Sangalli further testified that he could not recall ever working on any Cutler-Hammer products while Mr. O'Keefe was in the same vicinity.  He testified that when working near the plaintiff they worked with bricks.  There is no testimony that Cutler-Hammer manufactured or supplied bricks to Keystone.

18.    Having failed to produce sufficient testimonial or documentary evidence of Robert O'Keefe's exposure to an Eaton asbestos-containing product, there is no genuine issue as to any material fact concerning plaintiff's lack of exposure to an Eaton asbestos-containing product, and therefore Eaton is entitled to judgment as a matter of law.

19.    Plaintiff's claim against Eaton must fail because she cannot prove that Robert O'Keefe was exposed to asbestos from any Eaton product that was regular, frequent, or proximate and sufficient to be a substantial factor in the cause of Mr. O'Keefe's alleged asbestos related injuries.

**C.
Plaintiff fails to meet the frequency, regularity and proximity test of <u>Thacker v. UNR Industries</u>.**

20.    The Illinois Supreme Court in <u>Thacker v. UNR Industries, Inc.,</u> 151 Ill.2d 343, 603 N.E.2d 449, 177 Ill.Dec. 379 (1992) set the standard for evidence of product exposure in asbestos cases in Illinois.  In <u>Thacker</u>, the Illinois Supreme Court adopted the "frequency,

regularity and proximity test" for asbestos cases set forth in Lohrmann v. Pittsburg Corning Corporation, 782 F.2d 1156 (4th Cir. 1986). The Thacker court explained that Lohrmann fashioned the following rule:

> The question of when there is sufficient evidence to take the case to the jury depends upon the frequency of the use of the product and the regularity or extent of the plaintiff's employment in the proximity thereto. The court characterizes this rule as the *de minimus* rule, since a plaintiff must prove more than a casual or minimum contact with the product. *Thacker*, 151 Ill.2d 343, 358-59 (1992).

The Thacker court held that a plaintiff in an asbestos case must show that a defendant's product is somehow "responsible for producing the injury at issue." Thacker, 151 Ill.2d at 355, 603 N.E.2d at 455 (citing Restatement (2d of Torts, Sec. 431, *comment a* (1965)). Plaintiff must show exposure to defendant's asbestos through the proof that he regularly worked in an area where asbestos from defendant's product was frequently released and that he worked in sufficient proximity to this area so as to come into contact with the asbestos released from defendant's product. *Id*. The Thacker court further explained that "plaintiff has the burden of producing evidence sufficient to establish each element of his or her claim. *Id*. At 354. "Mere conjecture or speculation" will not be enough to establish causation through circumstantial evidence. *Id*. Plaintiff must present sufficient evidence to prevent "liability predicated upon guesswork." *Id*. at 359.

21. Jack Sangalli's deposition testimony fails to satisfy the Thacker test that Mr. O'Keefe was exposed to any asbestos attributable to Eaton products. His deposition testimony does not even reach the threshold of with the frequency, regularity and proximity standard that would allow a reasonable jury to conclude that plaintiff has proved the necessary elements of her cause of action.

22.     The evidence and testimony in the case at bar fail to demonstrate that Robert O'Keefe 1.) was regularly exposed to any asbestos-containing products attributable to defendant Eaton;  2.) regularly worked with or around any Eaton asbestos-containing products and 3.) regularly worked in proximity to an area where asbestos-containing products attributable to Eaton were frequently present.

## CONCLUSION

For the above and foregoing reasons, defendant, Eaton Electrical as successor-in-interest to Cutler-Hammer, Inc. n/k/a Eaton Electrical Inc. respectfully requests this Court enter an order granting summary judgment in its favor and dismissing with prejudice all claims against it.

Respectfully submitted,

GOLDBERG, MILLER & RUBIN, P.C.

/s/
CY GOLDBERG, ESQUIRE
JASON W. RUBIN, ESQUIRE
Attorney for Defendant,
Eaton Electrical, as successor-in-interest to Cutler-Hammer Inc. n/k/a Eaton Electrical, Inc.

MACACBE & MCGUIRE

/s/
EDWARD H. MACCABE, ESQUIRE
STEVEN J. SCOTT, ESQUIRE
Attorney for Defendant,
Eaton Electrical, as successor-in-interest to Cutler-Hammer Inc. n/k/a Eaton Electrical, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: ASBESTOS PRODUCTS LIABILITY**<br><br>**This document relates to:**<br><br>**NADRA O'KEEFE, individually and as Special Administrator to ROBERT O'KEEFE** | **Civil Action No. MDL 875**<br><br><br><br><br>PA-ED No. 08-CV-92210 |

## ORDER

AND NOW, this          day of            , 2012, upon consideration of the foregoing Motion for Summary Judgment Based on Lack of Product Identification and Memorandum of Law in Support thereof, filed by Eaton Electrical, as successor-in-interest to Cutler-Hammer Inc. n/k/a Eaton Electrical, Inc., it is hereby ORDERED and DECREED that said motion is GRANTED and that all claims against Eaton Corporation as successor-in-interest to Cutler-Hammer, Inc., are dismissed with prejudice.

BY THE COURT:

_____
                                                                    J.

## **CERTIFICATE OF SERVICE**

I, Jason W. Rubin, Esquire, hereby certify that a true and correct copy of the DEFENDANT, EATON ELECTRICAL, AS SUCCESSOR-IN-INTEREST TO CUTLER-HAMMER INC. N/K/A EATON ELECTRICAL INC. 'S MOTION FOR SUMMARY AND MEMORANDUM OF LAW were served upon all parties by electronic service through the Court's ECF/Pacer system on February 24, 2012.

        GOLDBERG, MILLER & RUBIN, P.C.


By: /s/
    JASON W. RUBIN, ESQUIRE
    Attorney for Defendant,
    Eaton Corporation, as successor-in-interest
    to Cutler-Hammer, Inc., n/k/a