UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCT LIABILITY LITIGATION | ) MDL Docket No. 875 |
| | ) Case No.: 2:08-cv-92210-ER |
| This document applies to the following case: | ) |
| | ) *Transferred from CD-IL* |
| *Nadra O'Keefe v. AGA Gas, Inc., et al.* | ) Case No. 06-01308 |

## MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, AIRGAS MERCHANT GASES, LLC, as successor in interest to AGA GAS, INC. (hereinafter "AGA"),[1] by and through its attorneys, Laurie Randolph and Jennifer Kalas of HINSHAW & CULBERTSON LLP, and moves this Court for entry of an Order granting summary judgment in its favor and against the Plaintiff, Nadra O'Keefe, Individually and as Special Administrator of the Estate of Robert O'Keefe, pursuant to Rule 56. In support of its Motion for Summary Judgment, AGA states as follows:

1. The Plaintiff, Nadra O'Keefe, Individually and as Special Administrator of the Estate of Robert O'Keefe, alleges that Robert O'Keefe developed lung cancer through his occupational exposure to Defendant's asbestos-containing product and/or equipment. See Plaintiff's Complaint attached as Exhibit "A". As to this Defendant, the Plaintiff makes no allegation in her Complaint that Mr. O'Keefe was exposed to any specific asbestos containing products attributable to anything manufactured, sold, distributed, packaged or installed by this Defendant.

---

[1] At the time this Defendant answered the Plaintiff's Complaint, Linde Gas LLC was the then successor in interest to AGA Gas, Inc. At the time this Defendant appeared in this multi-district litigation action, the current successor in interest was Airgas Merchant Gases, LLC. For purpose of clarity, the Defendant will be referred to as "AGA" throughout this motion.

1

2. AGA's has denied the material allegations of the Plaintiff's Complaint. See AGA's Amended Answer and Affirmative Defenses to Plaintiff's Complaint attached as Exhibit "B".

3. AGA is entitled to Summary Judgment against the Plaintiff as a matter of law, because Plaintiff has failed to produce any evidence that Robert O'Keefe was exposed to any injury-causing, asbestos-containing products or equipment manufactured, sold or supplied by AGA

## II. Illinois Substantive law and Legal Principles[2]

4. In an asbestos products liability action, it is the Plaintiff's burden to establish *prima facie* evidence of product exposure in order to survive a motion for summary judgment. *Thacker v. UNR Industries, Inc.,* 51 Ill.2d 343, (1992). It is not the defendant's burden to disprove exposure. *Estate of Henderson v. W.R. Grace. Co.,*, 185 Ill.App.3d 523, 529 (3d Dist. 1989). "The mere <u>possibility</u> that the plaintiff could have been exposed to a defendant's product is insufficient to withstand a motion for summary judgment." *Schultz v. Keene Corp.,* 729 F.Supp. 609, 614 (N.D. Ill. 1990); *Johnson v. E.D. Bullard Co.,* 284 Ill.App.3d 669 (4th Dist. 1996).

5. Without any product identification testimony (i.e., evidence), Plaintiff will be unable to maintain <u>*her burden of proof*</u> that an alleged product attributable to AGA was a substantial factor in causing his alleged injuries. *See Weber v. Armstrong World Indus., Inc.* 235 Ill. App. 3d 790 (1992) (summary judgment granted based on plaintiff's failure to offer evidence of product identification).

---

[2] Because the plaintiff and the decedent both lived in Illinois, and because plaintiff worked his entire career in Illinois and was diagnosed and treated in Illinois, Illinois law controls this case.

6. Once the Plaintiff presents sufficient product identification evidence against a particular defendant, the Plaintiff must next establish *prima facie* evidence of "product exposure". *Thacker v. UNR Industries, Inc.,* 151 Ill.2d 343 (1992). Plaintiff must put forth evidence establishing (1) that he regularly worked in an area where the defendants' product was frequently used; and (2) that he worked close enough to this area to come into contact with defendants' product. *Thacker v. UNR Industries, Inc.,* 151 Il. 2d 343 (1992) (specifically adopting the frequency, regularity and proximity test as the rule of law in Illinois asbestos cases). In addition, speculation and conjecture cannot provide the basis for liability for asbestos product exposure allegations. *Zimmer v. Celotex Corp.,* 192 Ill.App.3d 1088 (1st Dist. 1989).

7. The Illinois Supreme Court reaffirmed that the *Thacker* test governs Illinois asbestos cases: "In order to show causation *in an asbestos case*, a plaintiff must produce evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." *Donaldson v. Central Illinois Public Service Co.,* 199 Ill. 2d 63 (2002).

8. It is not enough simply to allege, or even establish, that a defendant's product was, at one time, present at a job site where a plaintiff worked. *Tragarz v. Keene Corp.,* 734 F.Supp. 834 (N.D. Ill. 1990) *See also e.g., Shine v. Owens-Illinois, Inc.,* 979 F.2d 93 (7th Cir. 1992) (a plaintiff's testimony that he had seen boxes of Owens-Illinois material present at the job site was not sufficient to create a material issue of fact regarding causation); and *Lohrmann v. Pittsburgh Corning Corp.,* 782 F.2d 1156 (4th Cir. 1986) (specifically rejecting the plaintiff's invitation to find a jury question whenever there is any evidence that a defendant's asbestos-containing product was used at a workplace at the same time the plaintiff worked there).

130281941 0873634

### III. Plaintiff Has Failed To Produce Any Exposure Evidence Against AGA

9. AGA is entitled to Summary Judgment against the Plaintiff as a matter of law, since Plaintiff has failed to present any evidence that Robert O'Keefe ever worked with or around or was otherwise exposed to an asbestos-containing product attributable to AGA at any of his jobsites.

10. On or about November 11, 2011, the Plaintiff served her Verified First Response to Standard Interrogatories. As to each jobsite the Plaintiff identified in which the Plaintiff's decedent claims to have worked with or around asbestos containing products, Interrogatory 19 asked the Plaintiff to identify the following:

> (a) the types of asbestos-containing products for which exposure is claimed:
>
> (b) the brand name or trade name of the asbestos-containing products for which exposure is claimed;
>
> (c) the manufacturers, suppliers and distributors of each asbestos-containing product for which exposure is claimed;
>
> (d) the number of times that plaintiff claims to have been exposed to each product.

In response, the Plaintiff responded as follows:

> Plaintiff has no personal knowledge responsive to this interrogatory. Based upon their investigation, Plaintiff's attorneys state: Robert O'Keefe worked as a laborer at the job sites identified in Exhibit C. At the Abbott Power Station ("Abbott"), Mr. O'Keefe worked throughout the entire facility. During his time at Abbott and the University of Illinois, Mr. O'Keefe worked in the presence of insulators while they cut asbestos-containing block and pipe covering and mixing asbestos-containing insulation cement. Mr. O'Keefe painted as part of shutdowns and regular maintenance at the aforementioned facilities. He also sanded drywall. While sanding and painting, he would be covered in asbestos-containing dust. He also worked in the presence of others who removed old asbestos-containing materials. Mr. O'Keefe cleaned up around the insulators and other workers using a broom to sweep up insulation scraps and toss larger insulation debris into a wheel barrow. Mr. O'Keefe also mixed and applied asbestos-

4

    containing joint compound brands that include, without limitation, GP, USG, and Gold Bond to drywall.

See Plaintiff's Verified Response to Standard Interrogatory 11-11-11, attached hereto as Exhibit "C."

  11. Not only does the Plaintiff fail to identify AGA by name in this interrogatory response, in addition, the types of products which Plaintiff does identify were not manufactured, sold, distributed, packaged, or installed by this Defendant. See Declaration of John Mazzola, attached hereto as Exhibit "D."

## IV. Conclusion

  12. Plaintiff here has not carried her burden of proof since she has failed to present any evidence to this Court showing that Robert O'Keefe sustained an occupational exposure to an asbestos-containing product in any way associated with AGA. Based upon this complete lack of evidence against AGA, there are no genuine issues of material fact, and AGA is entitled to Summary Judgment against the Plaintiff as a matter of law.

  WHERFORE, the Defendant, AIRGAS MERCHANT GASES, LLC, as successor in interest to AGA GAS, INC. respectfully requests that this Court enter an Order granting it Summary Judgment in its favor and against the Plaintiff as a matter of law, pursuant to Rule 56 and for any other relief the Court deems proper and just.

           Respectfully submitted,

         BY: <u>/s/ Jennifer Kalas</u>
            Attorney for Defendant,
            AIRGAS MERCHANT GASES, LLC as successor in interest to AGA Gas, Inc.

Laurie Randolph
Jennifer Kalas
HINSHAW & CULBERTSON LLP
322 Indianapolis Blvd., Suite 201


Schererville, IN  46375
219-864-5051

## CERTIFICATE OF SERVICE

    I certify that on February 24, 2012, a copy of the foregoing MOTION FOR SUMMARY JUDGMENT was filed electronically with the Clerk of the Court using CM/ECF system which will send notification of such filing to all attorneys of record.

                                         s/ Jennifer Kalas