IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. MDL 875 |
| O'KEEFE v. AGA GAS INC et al | PA-ED No. 08-CV-92210<br>*Trans from IL-C Case No. 06-cv-1308* |

Plaintiff's Verified First Response to Standard Interrogatories - 11/11/11

The answers to these interrogatories are provided by plaintiff Nadra O'Keefe, the Wife of Robert O'Keefe, individually and on behalf of his estate. These answers are provided pursuant to a confidentiality order for settlement and mediation purposes.

1. State your (a) full name, (b) your present address, (c) date and place of birth, (d) Social Security number and (e) military serial number, if any.

   ANSWER:
   (a) Robert O'Keefe, Deceased
   (b) 1102 Diane Lane Pekin, IL 61554
   (c) 04/10/1937, Pekin, IL
   (d) ███████
   (e) None

2. State the (a) name and (b) date of marriage of each spouse or former spouse and (c) list names, current addresses, ages and occupations of all children whether adopted or natural, and (d) the names, current addresses and occupations of all persons dependent upon your support, or receiving monetary support from you, within the last five years.

   ANSWER:
   (a) Nadra Lynn O'Keefe
   (b) 1/24/1959
   (c) Cynthia Ann Nash
       Mark Vincent O'Keefe
       Mary Reynolds
   (d) None other than Nadra.

1



3.  State the specific nature of the personal injuries and/or disease which you allege to have sustained as a result of the exposure complained of.

ANSWER:  Asbestos-related disease as set forth in the medical records on deposit at IKON in Chicago including without limitation lung cancer.

4.  State the date on which you first suspected that the injuries and/or disease described in interrogatory 3 was in any way related to being exposed to asbestos and state the reasons for your suspicions.

ANSWER:  In a November 2006 letter sent to plaintiff's attorneys, Dr. Schonfeld diagnosed Mr. O'Keefe with asbestos-related asbestosis based on several B-Reads that had been done. A pathology report from December of 2004 indicated that Mr. O'Keefe suffered from lung cancer and plaintiff's attorneys received a letter from Dr. Schonfeld from January of 2009 finding a causal connection between Mr. O'Keefe's past asbestos exposure and his lung cancer.

5.  State the date on which the injuries and/or disease described in Interrogatory 3 were first diagnosed and communicated to you and state further the name and address of the physician, specialist, clinic, hospital, sanitarium or similar institution which first diagnosed said injuries and/or disease. State the manner in which the diagnosis was communicated to you, whether it was written or oral, and if written please attach a copy of that communication to your answers to these interrogatories.

ANSWER:  See answers to Interrogatory No. 4.

6.  State the names and current or last known addresses of all physicians, specialists, clinics, hospitals and sanitariums which examined you or rendered service or treatment to you for the injuries and/or disease you allege to have sustained as the result of the exposure complained of, and state further the date or inclusive dates on which each of them rendered you service or treatment and the amounts of their respective bills.

ANSWER:  Plaintiff does not know. Plaintiff's attorneys states: Doctors and facilities which provided most of the medical care and treatment for the claimed condition are listed in Exhibit A (medical provider list). A list of the medical records and bills in the possession of the plaintiff's counsel are attached as Exhibit B. The medical records and bills which have been obtained are on deposit with IKON. Authorizations to obtain other records have been provided to defendants.

7.  After being informed that you were suffering from an injury and/or disease caused by asbestos, did you continue to engage in any activity or occupation in which you

2

encountered subsequent exposure to asbestos, and if so state the nature and description of such activity or occupation, and further state whether your continued participation in such activity or occupation was contrary to medical or professional advice, stating the date on which such advice was given and the identity if the person or entity giving such advice.

ANSWER:   No.

8. State the name and current or last known address of all physicians, clinics, or hospitals (not listed in interrogatory #6) which have examined you or provided care and treatment within the past ten years and the periods or dates of such.

ANSWER:   See answers to Interrogatory No. 6.

9. State the name and current or last known address of any physician, hospital, clinic, sanitarium, or other medical personnel (not listed in interrogatory #6) who has ever treated you for pulmonary, cardiovascular, or gastro-intestinal complaints.

ANSWER:   See answers to Interrogatory No. 6.

10. From which of the above medical personnel and/or institutions do you or your attorney have written reports?

ANSWER:   See answers to Interrogatory No. 6.

11. Has any immediate blood relative (parents, siblings, children) been diagnosed with a malignant (cancer) condition? If so state who, the nature of the disease, and the age at which it was diagnosed.

ANSWER:   No.

12. State any and all other damages not stated in answers to the above interrogatories which you are claiming as a result of the injuries and/or diseases alleged in the complaint.

ANSWER:   Mental anguish, emotional distress, pain and suffering, shortness of breath, diminished enjoyment of life, loss of society and companionship, medical bills. The extent of out of pocket losses and other damage amounts have not been calculated at this time. Further plaintiff seeks, whatever damages allowable by law.

13. State whether you have filed any worker's compensation action and, if so, state the date of filing, the name and number of the cause, the respondent, the name and address of the

company insuring the respondent, the claim and policy number, the reason for filing the claim or petition, and the disposition of any such claim.

ANSWER: No.

14. State whether you have ever filed a lawsuit for personal injury or a claim for social security disability benefits, and if so, state the title, the court or claim number, and the reason for each lawsuit or claim, and the disposition of each lawsuit or claim.

ANSWER: None, other than this lawsuit.

15. State the inclusive dates, if any, during which you were a smoker of tobacco and state further the types of tobacco smoked and the amount consumed daily, and whether you customarily inhaled.

ANSWER: Robert smoked about 1 pack of cigarettes per day from about age 21 to 50.

16. Identify in chronological order every employer for whom you have ever worked in the last 40 years. State separately for each such employer:

    (a) the employer's name and address;
    (b) the nature of the employer's business;
    (c) the nature and ending dates of your employment including all periods of employment for that employer;
    (d) your position and responsibilities;
    (e) your rate of pay.

ANSWER:
    (a-d) Plaintiff does not know. Plaintiff's attorneys states: See attached Exhibit C and Exhibit D. Exhibit C and Exhibit D identify and include without limitation known work sites, co workers, employers, and foreman.
    (e) Plaintiff does not know. Plaintiff's attorneys states: Rate of pay is not relevant because lost wages are not being claimed.

17. For each of the employers identified in Interrogatory No. 16, identify each and every job site at which you claim to have worked with or around asbestos-containing products.

ANSWER: Plaintiff does not know. Plaintiff's attorney states: The work history attached as Exhibits C and D include without limitation known job sites, employers, coworkers, and foreman where asbestos exposure is being claimed.

18. For each of the job sites identified in Interrogatory No. 17, state the following:

    (a) the location of the job;

4

  (b) the length of time you worked at that job;
  (c) your superior or foreman living on that job and his last known address;
  (d) your co-workers on that job, including the persons who worked with you or at the same job site, and their current or last known addresses. Identify any represented by counsel in asbestos claims.

ANSWER: See answer to Interrogatory No. 16. No other information is known.

19. For each of the job sites identified in Interrogatory No. 17, state the following:

  (a) the types of asbestos-containing products for which exposure is claimed;
  (b) the brand name or trade name of the asbestos-containing products for which exposure is claimed;
  (c) the manufacturers, suppliers and distributors of each asbestos-containing product for which exposure is claimed;
  (d) the number of times that plaintiff claims to have been exposed to each product.

ANSWER: Plaintiff has no personal knowledge responsive to this interrogatory. Based upon their investigation, Plaintiff's attorneys state: Robert O'Keefe worked as a laborer at the job sites identified in Exhibit C. At the Abbott Power Station ("Abbott"), Mr. O'Keefe worked throughout the entire facility. During his time at Abbott and the University of Illinois, Mr. O'Keefe worked in the presence of insulators while they cut asbestos-containing block and pipe covering and mixing asbestos-containing insulation cement. Mr. O'Keefe painted as part of shutdowns and regular maintenance at the aforementioned facilities. He also sanded drywall. While sanding and painting, he would be covered in asbestos-containing dust. He also worked in the presence of others who removed old asbestos-containing materials. Mr. O'Keefe cleaned up around the insulators and other workers using a broom to sweep up insulation scraps and toss larger insulation debris into a wheel barrow. Mr. O'Keefe also mixed and applied asbestos-containing joint compound brands that include, without limitation, GP, USG, and Gold Bond to drywall.

20. For each product identified in Interrogatory No. 19, identify the following:

  (a) your coworkers, including persons who worked with you or at the same job site, with knowledge that the product was on the particular job site;
  (b) your coworkers, including persons who worked with you or at the same job site, with knowledge that you actually worked with the particular product.

ANSWER: Plaintiff does not know. Plaintiff's attorneys state: Job site coworkers include without limitation those named in attached Exhibit D. Plaintiff's attorneys further

states that product identification is also based on the major sites in each district. Memorandums of product identification for these major job sites will be provided to the depository under the label major job sites with a list of clients who worked at these job sites.

21. For each of the jobs sites identified in Interrogatory No. 17, identify the following:

    (a) the name and address of any companies, other than your employer, working with asbestos-containing materials at that job site;
    (b) all trades from which workers were present at that job site.

ANSWER: Plaintiff does not know. Plaintiff's attorneys state: Other trades were typically present and these would include without limitation insulators, steamfitters, pipefitters, plumbers, operating engineers, maintenance workers, carpenters, electricians, laborers, and millwrights.

22. List any protective or safety devices used or worn by you in the handling of products allegedly manufactured by the defendants and state further the dates used, the job sites where used, the nature of the device, the manufacturer or supplier of the device, and how you used each device in your trade or profession.

ANSWER: Plaintiff does not know.

23. State whether you were ever a member of any union and, if so, for each union please state:

    (a) the name and local number of the union;
    (b) the union hall from which you worked;
    (c) the date you joined the union;
    (d) your sponsor in the union;
    (e) if you ever ran for or held office in the union;
    (f) if you ever filed a grievance with any union.

ANSWER:
    (a) Independent Steelworkers Alliance
    (b) Bartonville, Illinois
    (c-f) Joined 5/1956. Plaintiff does not know his sponsor in the union. He did not run for office or file any grievances.

24. Did your labor union or employer advise you to follow certain safety procedures designed to protect you from contracting asbestos related diseases and, if so, state which unions or employers rendered such advice, the nature of such advice, the dates on which such advice was given, and describe any written information or literature discussing asbestos related diseases which was provided you by any such union or employer.

ANSWER:   Plaintiff does not know.

25.  State the names and current or last known addresses of all persons who ever told you or whom you ever heard state that asbestos fibers or asbestos products could be hazardous to your health.

ANSWER:   Plaintiff does not know.

26.  State the name, address, telephone number and professional background of each and every person who may be called by the plaintiff to testify to establish a causal relationship between the injuries alleged and the defendants' products. State the facts and opinions to which each will testify and identify the documents on which each relies.

ANSWER:   Plaintiff does not know. Plaintiff's attorneys state: Witnesses will be disclosed pursuant to scheduling order.

27.  State the name, address, telephone number and professional background of each and every person who may be called by the plaintiff to testify to establish that the defendants' products were defective or unreasonably dangerous. State the facts and opinions to which each will testify and identify the documents on which each relies.

ANSWER:   See answer to Interrogatory No. 26.

28.  With regard to individuals, if any, named in the previous three interrogatories, state whether or not said individuals have rendered a written report of any kind to the plaintiffs or their attorneys and, if so, state the subject matter contained in said report, the substance of fact and opinions to which the expert is expected to testify, if called, and state a summary of the grounds for each opinion.

ANSWER:   See answer to Interrogatory No. 26.

29.  State whether you or your attorneys or agents know of the existence of any statements, signed or unsigned, oral, written, or court reported, from or by any person including any person hereto, which has or claims to have knowledge concerning the matter alleged in the complaint, or who was or claims to have been a witness to any part of the exposure alleged by you. If so, please state:

    (a)  whether the statement was written, oral, recorded, reported, reported by shorthand, or otherwise preserved;
    (b)  the full name of the current or last known address of the person or persons, or entity, which took the statements and the date such statement was made;
    (c)  the full name and current or last known address of each person, firm, or entity which has possession of the statement or copies thereof.

7

ANSWER: Plaintiff objects as to any statements made by clients of Cascino Vaughan Law Offices because they are work product and attorney-client privilege. Without waiving objections, plaintiff does not know. Plaintiff's attorneys state: See answers to Interrogatory No. 19 and 20. In addition, see any job site summaries that are or will be deposited with IKON and see interrogatories of coworkers.

30. State the name and current or last known address of each and every person who was interviewed by or on behalf of you, your attorneys or agents with respect to the allegations contained in the complaint, stating for each person:

    (a) the name and current or last known address of the person interviewed, the full name and address of the person's employer at the time of the interview, and the name and current or last known address of the interviewer, as well as the dates of all interviews;

    (b) whether any notes, records, jottings, memoranda, tape recordings, or statements were ever made of any interviews with that person, and if so, the name and current or last known address of each and every person in custody or control of same.

ANSWER: Plaintiff objects as to any statements made by clients of Cascino Vaughan Law Offices because they are work product and attorney-client privilege. Without waiving objections, plaintiff does not know. Plaintiff's attorneys state: See answers to Interrogatories No. 16, 17, 18, 19, 20 and 21. Also see interrogatories of coworkers.

31. List or describe each and every object or document, such as directories, catalogs, shipping slips, W-2 forms, tax records, diaries, calendars, invoices, packing slips, materials, publications or lists from whatever source which you used, or your attorneys or agents used, in compiling the names of the defendants in this cause.

ANSWER: Plaintiff does not know. Plaintiff's attorneys compiled defendants and states that they do not know of any documents of the type listed in this interrogatory which were used to determine the defendants in this case.

32. Do you have any of the following which serve as the basis of this claim in your possession, or in the possession of your attorneys or agents?

    (a) samples of asbestos materials;
    (b) packaging from asbestos materials;
    (c) photographs of your places of employment or products used at your places of employment.
    (d) photographs of asbestos products or asbestos packaging which are the basis of this claim.

ANSWER:    (a)    No
                  (b)    No
                  (c)    None to date.
                  (d)    Plaintiff's attorneys have photos of asbestos products which have been received in other asbestos cases. These will be deposited with IKON.

33. If, as the result of the alleged illness or illnesses, injury or injuries you claim to have sustained a loss of wages, earnings, income, or profit, state:

      (a)    all dates on which you were unable to work due to the illness of illnesses, injury or injuries;
      (b)    the name and address of your employer at the time you learned of the illness, injury or disease of which you complain;
      (c)    the name and address of each person who recommended that you did not work during such period;
      (d)    the name of any potential employer who refused you work because of any illness or illnesses, injury or injuries allegedly sustained as a result of the exposure;
      (e)    the date or inclusive dates on which you sought work but were unable to work for reasons not related to the illnesses or injuries allegedly sustained as a result of the exposure complained of.

ANSWER: Plaintiff does not know. Plaintiff's attorneys state: The rate of pay is not relevant because lost wages are not being claimed.

34. If loss of wages, earnings, income, or profit is claimed, state:

      (a)    the total amount of claimed loss and the manner or method of computing same;
      (b)    provide a complete, itemized computation of such claimed loss;
      (c)    the nature and potential source of the lost wages, earnings, income or profit, and the date of the claimed deprivation thereof.

ANSWER: See response to Interrogatory No. 33.

35. State and list all monetary expenses, other than the physician and hospital bills, and any and all other items of damages, which you claim to be a result of the illnesses or injuries you allegedly sustained as a result of the exposure complained of.

ANSWER: Plaintiff does not know. Plaintiff's attorneys state: The extent of out of pocket losses and other damage amounts have not been calculated at this time.

36. Identify any claims submitted to bankruptcy trusts or otherwise for the person claiming asbestos exposure in this matter. State which are submitted for a condition diagnosed before the condition which is the subject of the instant case.

ANSWER: Plaintiff does not know. Based upon investigation of plaintiff's attorneys: A list of claim submissions and paid by each bankruptcy trust and the total amount for all bankruptcy actions is provided in the AO12, Additional Materials, and Settlement Report folder in the IKON Chicago depository. Bankruptcy claim submissions are being provided pursuant to separate discovery which has been court ordered.

Dated: November 11, 2011

As to statements of counsel and objections only,

_/s/ signature_
Attorney for plaintiff

Robert G. McCoy
R. Matthew Schroeder
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308

tel: 312-944-0600
fax: 312-944-1870
e-mail: bmccoy@cvlo.com

- Client Verification to Follow -

Exhibit A: Medical Providers

Last: O'Keefe
First: Robert

| Doctor | Hospital/Specialty | Address | City | St | Zip |
|---|---|---|---|---|---|
| Dr, Dale Geiss | St. Francis Medical Center | 530 NE Glen Oak Ave. | Peoria | IL | 61637 |
| Dr. Alvin Schonfeld | Consultant | 438 St, James Place | Chicago | IL | 60610 |
| Dr. H. Don Blair | Pekin Hospital | 600 S. 13th Street | Pekin | IL | 61554 |
| Dr. Jennifer Drexler | St. Francis Medical Center | 530 NE Glen Oak Ave. | Peoria | IL | 61637 |
| Dr. John Baer | Pekin Hospital | 600 S. 13th Street | Pekin | IL | 61554 |
| Dr. John Lovell | St. Francis Medical Center | 530 NE Glen Oak Ave. | Peoria | IL | 61637 |
| Dr. Stephen Cullihan | Pekin Hospital | 600 S. 13th Street | Pekin | IL | 61554 |
| Dr. Terrance Brady | St. Francis Medical Center | 530 NE Glen Oak Ave. | Peoria | IL | 61637 |

Exhibit B: Medical Records and Bills

Last: O'Keefe
First: Robert

| Source of Records | Type | Description | Pages |
|---|---|---|---|
| Dr. Alvin Schonfeld | Record | B-Read & Causation Letters | 3 |
| Illinois Cancer Care | Bill | Medical Bills | 4 |
| Pekin Hospital | Bills | Medical Bills | 54 |
| Pekin Hospital | Record | Medical Records | 53 |
| St. Francis Medical Center | Bill | Medical Bills | 22 |
| St. Francis Medical Center | Record | Medical Records | 29 |

Exhibit C: Work History

Plaintiff Last Name: O'Keefe
Plaintiff First Name: Robert

| Site Location | Site City | Site State | First Year | Last Year |
|---|---|---|---|---|
| Keystone Steel & Wire | Bartonville | IL | 1955 | 1991 |

Exhibit D: Coworkers

Plaintiff Last Name: O'Keefe

Plaintiff First Name: Robert

| Coworker Last Name | Coworker First Name | Site Location | Address | City | State | Zip |
|---|---|---|---|---|---|---|
| Bianchi | Adolph | Keystone Steel & Wire | 1906 El Camino Dr | Pekin | IL | 61554 |
| Bradwell | Bill | Keystone Steel & Wire | | | | |
| Hauk | Bill | Keystone Steel & Wire | 1912 N Stone School Rd | Elmwood | IL | 61529 |
| Sipka | Paul | Keystone Steel & Wire | 3706 Edgewater Dr | Pekin | IL | 61554 |
| Borman | Walter | Keystone Steel & Wire | 7107 W Hawaii Rd | Peoria | IL | 61607 |
| Witt | Jim | Keystone Steel & Wire | 6105 W Plank Rd | Peoria | IL | 61604 |
| Emmons | Eugene | Keystone Steel & Wire | Unknown | | | |
| Ivey | Duane | Keystone Steel & Wire | 508 E Jefferson St | Havana | IL | 62644 |
| Sangalli | Jack | Keystone Steel & Wire | 24 Beachfront Lane | Lake Placid | FL | 33852 |
| Gard | Leslie | Keystone Steel & Wire | 210 Winston Lane | Bartonville | IL | 61607 |
| Alsene | Delmar | Keystone Steel & Wire | 1904 S Greenwood Court | Peoria | IL | 61607-1331 |
| Grier | Thomas | Keystone Steel & Wire | PO Box 5165 | Morton | IL | 61550 |