IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | MDL DOCKET NO.: 875 |

| | |
|---|---|
| NADRA O'KEEFE, Individually and as<br>Special Administrator to ROBERT O'KEEFE,<br>Deceased | **PLAINTIFF** |
| v. | PA-ED Case No. 2:08-cv-92210-ER<br>*Trans. From IL-N Case No. 06-01308* |
| AGA GAS, INC., et al. | **DEFENDANTS** |

**CERTAIN DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE PLAINTIFF'S EXPERTS**

Certain Defendants,[1] by and through Forman Perry Watkins Krutz & Tardy LLP, as counsel, respectfully move the Court to enter an Order dismissing this action for spoliation of evidence. Alternatively, Defendants move the Court to strike Plaintiff's experts who rely on x-rays that Plaintiff has refused to produce. In support of this Motion, Defendants state as follows:

**I.   Background.**

This case was originally filed in Illinois on December 6, 2006, and was transferred to this Court on December 17, 2008. Plaintiff allegedly suffered from asbestos related lung cancer and died on March 11, 2006. The Court initially assigned the case to CVLO Group 2. When CVLO Groups 1 and 2 were subdivided, however, Plaintiff's counsel moved it to Subgroup A. On April 12, 2012, the Court entered its Amended Case Management And Scheduling Order For CVLO-1 & 2 setting Plaintiff's deadline to produce expert reports on May 4, 2012, and Certain

---

[1] Certain Defendants include CBS Corporation, a Delaware Corporation, f/k/a Viacom, Inc. Successor by Merger to CBS Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation and Owens-Illinois, Inc. d/b/a O-I.

1

Defendants' deadline to produce expert reports on May 18, 2012. Plaintiff's various expert reports identify at least one x-ray upon which Plaintiff's experts based their opinions—a December 29, 2004 film.[2] Plaintiff's counsel, however, have not produced the film and claim that, although the film was admittedly in their and their experts' possession, they do not know where the film is and have no record of its whereabouts. Correspondence between counsel for Defendants and Plaintiff's counsel, attached as Exhibit C.

In sum, Plaintiff has refused to produce the film that serves as the basis of this case. Without the film relied upon by Plaintiff's experts, Defendants cannot adequately rebut Plaintiff's experts' opinions. Accordingly, the Court should dismiss this action. At the very least, the Court should strike Plaintiff's experts who rely on evidence that has not been produced.

## II. Plaintiff's Case Should Be Dismissed For Failure To Produce The X-ray That Serves As The Basis For His Claims.

Plaintiff's failure to maintain the x-ray relied upon by his experts to render the diagnoses which serve as the basis for this action amounts to spoliation of evidence. The Third Circuit Court of Appeals has acknowledged that there is a split among Circuits as to whether spoliation of evidence is governed by state or federal law. *Schmid v. Milwaukee Electric Tool Corp.*, 13 F.3d 76, 78 (1994). Plaintiff's action, however, should be dismissed under either.

### A. Dismissal is appropriate under the Federal Rules.

Dismissal on the basis of spoliation of evidence is an appropriate sanction under Federal law. Fed. R. Civ. P. 37(c)(1)(C). Under Rule 37(c)(1)(C), "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . the court, on motion and after giving an

---

[2] The December 29, 2004 x-ray serves as the basis for Dr. Alvin Schonfeld's July 26, 2006 B-read and November 1, 2006 report. Schonfeld reports, attached as Exhibit A. Dr. Schonfeld's reports based on the 2004 film, in turn, serve as the basis of Dr. Arthur Frank's February 8, 2012 expert report. 2012 Frank Report, attached as Exhibit B. After reviewing Schonfeld's reports and other records cited in his report, Dr. Frank diagnosed Plaintiff with asbestos related lung cancer and asbestosis, and opined that Plaintiff's alleged asbestos exposure caused his injuries. *Id.* In sum, the 2004 x-ray is critical to Plaintiff's case.

2

opportunity to be heard . . . may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." One of the "appropriate" sanctions includes dismissal of "the action or proceeding in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2)(A)(v). Furthermore, dismissal is an appropriate sanction for spoliation of evidence. *Ogin v. Ahmed*, 563 F. Supp. 2d 539, 545 (M.D. Pa. 2008).

"Spoliation is 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" *Ogin*, 563 F. Supp. 2d at 542 (quoting *Mosaid Technologies Inc. v. Samsung Electronics Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004)). In determining whether a sanction for spoliation is appropriate, the Third Circuit Court of Appeals considers three points, "1) the degree of fault of the party who altered or destroyed the evidence; 2) the degree of prejudice suffered by the opposing party; and 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Id.* at 545.

First, Plaintiff is without question at fault. Plaintiff knew the location of the x-ray and its importance – Plaintiff's experts used it as the basis for their reports.

> A party to litigation has an obligation to preserve relevant evidence. "While a litigant is under no duty to keep or retain every document in its possession . . . it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request."

*Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*, 497 F. Supp. 2d 627, 639 (E.D. Pa. 2007) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003));

*see also Holder v. United Parcel Service, Inc.*, 257 F.R.D. 80, 82 (W.D. Pa. 2009). Plaintiff had a duty at the very least to track the location of the x-ray, and having not done so, bears fault.

Second, Defendants have and will suffer a high degree of prejudice if Defendants' experts cannot review the same evidence reviewed and relied upon by Plaintiff's experts. Without the x-ray, Defendants are not on equal footing as Plaintiff and cannot adequately rebut Plaintiff's experts' opinions. "Discovery 'make[s] a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible.'" *Hadley v. Pfizer, Inc.*, 73 Fed. R. Serv. 3d 1046 (E.D. Pa. June 5, 2009) (slip copy) (quoting *United States v. Procter & Gamble*, 356 U.S. 677, 682 (1958)).

Third, nothing less than dismissal will suffice. Plaintiff understood the importance of the x-ray given that it is the basis for his claims.

> If a party has notice that evidence is relevant to an action, and either proceeds to destroy that evidence or allows it to be destroyed by failing to take reasonable precautions, common sense dictates that the party is more likely to have been threatened by that evidence.

*Ogin*, 563 F. Supp. 2d at 545. Defendants cannot properly defend against Plaintiff's experts' opinions of the x-ray when defense experts have not been given the same opportunities to view the evidence. Plaintiff is at fault, in this case and hundreds of others, for understanding the x-ray's significance but failing to properly maintain its location. Dismissal is the best deterrent of this conduct in the future.

    **B.    Dismissal is warranted under Illinois Law.**

Under Illinois law, there are two options for parties alleging destruction/spoliation of evidence. A party may file a claim for negligent spoliation of evidence or seek dismissal as a

discovery sanction under ILCS S. Ct. Rule 219(c).[3]  *Adams v. Bath and Body Works, Inc.*, 358 Ill. App. 3d 387, 393-94 (Ill. App. Ct. 2005).  The two are separate and distinct.  *Id.* at 393.  "The mode of relief most appropriate will depend upon the opponent's culpability in the destruction of evidence."  *Id.* at 394.   Because of the posture of this case and Plaintiff's actions, dismissal is appropriate.

     A dismissal under Rule 219(c) "requires conduct that is 'deliberate [or] contumacious or [evidences an] unwarranted disregard of the court's authority' and should be employed only 'as a last resort and after all the court's other enforcement powers have failed to advance the litigation."  *Id.* (quoting *Shimanovsky v. General Motors Corp.*, 692 N.E.2d 286 (Ill. 1998)).  "The decision to impose a particular sanction under Rule 219(c) is within the discretion of the trial court . . . ."  *Shimanovsky*, 692 N.E.2d at 289.

     The determination of the appropriate sanction is considered on a case by case basis.  *Id.* at 292-93.  "The factors a trial court is to use in determining what sanction, if any, to apply are: (1) the surprise to the adverse party; (2) the prejudicial effect of the proffered testimony or evidence; (3) the nature of the testimony or evidence; (4) the diligence of the adverse party in seeking discovery; (5) the timeliness of the adverse party's objection to the testimony or evidence; and (6) the good faith of the party offering the testimony or evidence."  *Id.* at 291 (citing *Boatmen's Nat'l Bank v. Martin*, 614 N.E.2d 1194 (Ill. 1993)).  While no one factor is determinative, each weighs in favor of Defendants.  *Id.*

     *First*, there is clear surprise on Defendants' part that the x-ray relied upon by Plaintiff's experts is missing as they were not previously aware of the fact.

---

[3] ILCS S. Ct. Rule 219(c) states, "If a party, or any person at the instance of or in collusion with a party, unreasonably fails to comply with any provision of part E of article II of the rules of this court (Discovery, Requests for Admission, and Pretrial Procedure) or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just . . . ."

*Second*, Defendants are greatly prejudiced by the missing x-ray.  Only Plaintiff and Plaintiff's experts had access to the x-ray.  Furthermore, Defendants cannot rely on Plaintiff's experts' reports due to the overwhelming bias and potential inconsistent readings of the x-ray.  Without the x-ray, Defendants cannot adequately cross examine Plaintiff's experts and cannot mount a proper defense.

*Third*, the x-ray reviewed by Plaintiff's experts is direct evidence of Plaintiff's alleged claim—making it among the most important evidence in the case.

*Fourth*, Defendants have followed the Court's scheduling orders and protocols in seeking the x-ray and have been diligent in every way throughout the discovery process.

*Fifth*, Defendants promptly filed an objection once it was determined that the x-ray was missing.

*Lastly*, CVLO has not acted in good faith.  It was plainly aware that this x-ray was used by their experts in ongoing litigation, and, there is a duty to preserve evidence "if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential litigation.'"  *Kambylis v. Ford Motor Co.*, 788 N.E.2d 1, 5 (Ill. App. Ct. 2003).  Yet, Plaintiff's counsel allowed the x-ray to disappear and kept no record of its whereabouts.  Furthermore, CVLO has failed to produce hundreds of other x-rays in similar cases pending before the Court.  Additionally, Plaintiff cannot argue that he is absolved because he did not personally destroy or control the films.  "There is no excuse for 'spoliation through inaction.'" *Id.* at 7.  At the very least, CVLO had a duty to monitor the status of the x-ray and inform Defendants of any possible destruction.  *Id.*  Plaintiff admittedly failed to keep track of the x-ray evidencing a complete disregard for the duty imposed by the Court.

Dismissal is the appropriate remedy under Illinois law. The x-ray is the sole basis for Plaintiff's claims, and without it, Defendants cannot adequately rebut Plaintiff's contentions. Because the factors weigh in favor of Defendants, the case should be dismissed.

### III. At The Very Least, Plaintiff's Experts Who Rely On The Missing X-ray Should Be Struck.

If the Court does not dismiss this matter, Plaintiff's experts whose opinions are based on the missing x-ray should be struck. Both Illinois law and the Federal Rules give the Court broad discretion to impose sanctions for discovery violations. ILCS S. Ct. Rule 219(c); Fed. R. Civ. P. 37(c)(1)(C). Without access to Plaintiff's chest x-ray on which his experts rely, Defendants are severely prejudiced because they cannot effectively cross-examine Plaintiff's experts and cannot have the x-ray read by experts selected by Defendants. In short, the merits of Plaintiff's claims depend on the accuracy and reliability of their experts' review and reliance upon the missing x-ray. This prejudice to Defendants is a direct result of Plaintiff's violation of this Court's orders[4] and failure to maintain critical evidence. CVLO has a history in the cases pending before this Court of dilatory submissions – including untimely and incomplete submissions of medical records, interrogatory responses, and medical record authorizations. Their conduct should not go unpunished.

Based on the foregoing, Defendants respectfully request the Court grant their motion to dismiss for spoliation of evidence or, alternatively, to strike Plaintiff's experts whose opinions are based on the missing x-ray.

---

[4] *See* December 9, 2011 Order, attached as Exhibit D, requiring CVLO to produce the x-rays reviewed and relied upon by Drs. Schonfeld, Sadek, and Anderson in all CVLO cases pending in MDL 875.

THIS, the 11th day of June, 2012.

                              Respectfully Submitted,

                              */s/ Jennifer M. Studebaker*
                              Jennifer M. Studebaker

                              ATTORNEYS FOR
                              OWENS-ILLINOIS, INC. D/B/A O-I
                              CBS CORPORATION, A DELAWARE
                              CORPORATION, F/K/A VIACOM, INC.
                              SUCCESSOR BY MERGER TO CBS
                              CORPORATION, A PENNSYLVANIA
                              CORPORATION, F/K/A WESTINGHOUSE
                              ELECTRIC CORPORATION

OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre Building, Suite 100
Post Office Box 22608
Jackson, Mississippi 39225-2608
Telephone:   (601) 960-8600
Facsimile:    (601) 960-8613

## **CERTIFCATE OF SERVICE**

The undersigned certifies that on this 11th day of June, 2012, I caused to be filed via the CM/ECF system the foregoing document and that the service will be accompanied on all participants in the case by the CM/ECF system.

                              */s/ Jennifer M. Studebaker*
                              Jennifer M. Studebaker