## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY | : | Civil Action NO. MDL 875 |
| LITIGATION (NO. VI) | : | |
| | : | |
| | : | |
| This document relates to all cases | : | |
| listed on the attached Exhibit A | : | |

### ORDER

**AND NOW**, this 17th day of July, 2012, upon consideration of:

(1)        Certain Defendants' Motion to Strike Cascino Vaughan's Supplemental Response to Standard Interrogatories (*e.g.* 08-91888 #66)[1] and plaintiffs' response (*e.g.* 08-91888 # 80);

(2)        General Electric Company's Motion to Strike (*e.g.* 08-91884 #110)[2] and plaintiffs' response (*e.g.* 08-91884 #121);

(3)        Georgia-Pacific LLC's Motions for Sanctions Pursuant to Federal Rule of Civil Procedure 37 (09-61717 #93, 08-90189 #110, 10-68124 #98, 10-68110 #136, 08-90201 #119 08-89865 #88, and 08-89958 #103) and plaintiffs' responses (08-90189 #117, 10-68124 #107, 10-68110 #145, 08-90201 #134, 08-89865 #101, 08-89958 #124)[3];

(4)        Ispat Inland Inc.'s Motion to Strike Plaintiff's "First Response to Standard Interrogatories," Plaintiff's "First Response to Standard Interrogatories – 5/21/12," and all Associated Exhibits, Witness and "Prior Testimony" Lists (08-90287 #149) and plaintiffs' response (08-90287 #163); and

(5)        Owens-Illinois, Inc.'s Motions to Strike (08-90268 #118 and 08-92210 #165) and plaintiffs' responses (08-90268 #128 and 08-92210 #182);

it is hereby **ORDERED** that:

(6)        Certain Defendants' Motion to Strike Cascino Vaughan's Supplemental Response

---

[1] This motion was filed in every remaining CVLO MDL-875 case.

[2] General Electric also filed this motion as these document numbers on the following dockets:  08-92207 #112, 08-92206 #130, 08-91742 #148, 08-90264 #76, 08-89945 #72, 08-90287 #151, and 08-90189 #109.

[3] Plaintiffs did not file a response to Georgia Pacific's motion filed on docket number 09-61717.

to Standard Interrogatories (*e.g.* 08-91888 #66) is **DENIED**[4] ;

--------

[4] On June 12, 2012, plaintiffs' counsel served a 719 page list on defense counsel which purported to be applicable to all CVLO MDL-875 cases and which contained, allegedly: (1) the names of every "site worker" at each relevant job site; and (2) the identity of every statement from individuals with relevant knowledge of any plaintiff. Plaintiffs' counsel contended that this list was a supplemental response to standard interrogatory questions: 16 (requesting the identity of and details concerning the plaintiff's previous employers); 17 (requesting the identity of every job site at which the plaintiff claimed to have worked around asbestos-containing products); 18 (requesting details regarding each of the plaintiff's jobs including "your co-workers on that job, including the persons who worked with you or at the same job site"); 20 (requesting the identity of any of the plaintiff's co-workers who had knowledge of whether certain asbestos-containing products were at a job site or knew that the plaintiff actually worked with the products); and 29 (seeking the identity of any statements from individuals who claimed "to have knowledge concerning the matter alleged in the complaint, or who [ ] claim[ed] to have been a witness to any part of the exposure alleged by you").

Plaintiffs' counsel claims that the 719 page list does not represent information that any one plaintiff has but instead represents what the firm knows about all of the cases. Plaintiffs' counsel contends that it provided the list to defense counsel based upon an apparently recent understanding that counsel's knowledge, as opposed to the knowledge of individual plaintiffs, should be assimilated into interrogatory answers. Plaintiffs' counsel further asserts that the sole purpose of providing this list was to protect themselves from future motions for sanctions for failing to timely supplement interrogatory answers.

The standard interrogatories were approved by the court on October 5, 2010 and were deemed to be served in each individual CVLO MDL-875 case as of October 1, 2010. Each individual plaintiff in each case was to answer the interrogatories utilizing the information unique to his or her case. This purported supplement to interrogatories 16 though 17, 20 and 29, however, is meant to have global application in every case rather than be limited to any individual plaintiff's case, and contains no specificity regarding to what any of these individuals might testify or the contents of any of the transcribed statements. Accordingly, this massive listing is not a supplement to any previous answers served in the individual cases nor does it provide responses to any of the standard interrogatory questions submitted in any individual case. It is rather an extensive catalogue of: (1) names and addresses of "site-workers" listed by job site with a notation of whether the individual is represented by counsel; and (2) depositions taken, by job site, listing the deponent, the date of the testimony, whether the deponent is represented by counsel, and in some cases, the name and case number for which the testimony was taken. The list's generality and lack of detail render it incapable of being used by any defendant in any particular case.

At the same time, the list does identify "site-workers" and associates these "site-workers" with particular job sites. That information could be useful and bear some relevance as the cases progress, even though the list fails to provide any indication of the extent of knowledge of the "site-workers"; the products about which the "site-worker" might have knowledge; or the

(continued...)

2

(7)      General Electric Company's Motion to Strike (*e.g.* 08-91884 #110) is likewise **DENIED** utilizing the same reasoning as set forth in footnote four.

(8)      Georgia-Pacific LLC's Motions for Sanctions Pursuant to Federal Rule of Civil Procedure 37 (09-61717 #93, 08-90189 #110, 10-68124 #98, 10-68110 #136, 08-90201 #119 08-89865 #88, and 08-89958 #103) are **GRANTED** in part as follows:

> (a)      the requests to strike the supplemental interrogatory answers served by the individual plaintiffs are **GRANTED** and those supplementary answers are **STRUCK**.  These answers were not signed by the plaintiffs before the end of discovery, and therefore, under Fed. R. Civ. P. 33(b)(3), they are no answers at all. Unzicker v. A.W. Chesterston Co., 11-66288, 2012 WL 1966028, at *2 (E.D. Pa. May 21, 2012)(citing Tokarz v. TRG Columbus Development Venture, Ltd., 08–60190, 2008 WL 4533917, at *2 (S.D. Fla. Oct.6, 2008));

> (b)      the request to strike the 719 page supplemental interrogatory answers served by plaintiffs' counsel in all cases is **DENIED** for the reasons set forth in footnote four;

> (c)      the request for fees is **DENIED**;

(9)      Inland Inc.'s Motion to Strike (08-90287 #149) is **GRANTED** and the supplemental interrogatory answers are **STRUCK** in that they were also not verified before the end of discovery, see Unzicker, 2012 WL 1966028, at *2; and

(10)      Owens-Illinois, Inc.'s Motions to Strike (08-90268 #118 and 08-92210 #165) are **GRANTED** and the supplemental interrogatory answers are **STRUCK** in that they likewise remained unsigned at the termination of fact discovery.  See Unzicker, 2012 WL 1966028, at *2.

BY THE COURT:


 /s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[4](...continued)
time periods during which the "site-worker" would have worked at a particular job site.  Further, while merely associating a job site with a "site-worker" is certainly not sufficient to even begin to establish the causation evidence a plaintiff would need to sustain his case, the list does provide some relevant information.  Accordingly, and while urging plaintiffs to be clear-eyed about the listing's deficiencies,  we decline to grant defendants' motion.