# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | CIVIL ACTION NO. MDL 875 |
| This Document Relates To: | PA-ED No. 08-CV-92210<br>*Trans from IL-C Case No. 06-cv-1308* |
| O'KEEFE v. AGA GAS INC et al | |

**Plaintiff's Response to Product Specific Interrogatories and Request for Production of Documents by Owens-Illinois, Inc. – 4/20/12**

Plaintiff responds to defendant Owens-Illinois, Inc.'s Product Specific Interrogatories & Request for Production of Documents as follows:

**General response:** Responsive answers and documents were provided in Plaintiff's Response to Standard Interrogatories and the documents attached to those responses served on November 11, 2011 and updated on April 14, 2012. These materials, including but not limited to, the deposition, and other written discovery responses made and documents provided, are incorporated and adopted as part of this response. Plaintiff objects to all discovery requests that are unreasonably cumulative or duplicative of discovery already provided.

**INTERROGATORIES**

1. State the full name, present address, date and place of birth, date of death, if applicable, and Social Security Number for the person claiming personal injury from the exposure to asbestos (You or Your Decedent), and for any spouse asserting a claim in this action.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

2. State the inclusive dates, if any, during which You or Your Decedent were a smoker of tobacco and state further the types of tobacco smoked and the amount consumed daily.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

3. State whether You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) ever worked with, or were exposed to any products You allege were manufactured, sold, supplied, packaged or distributed by Owens-Illinois. If yes, state:

(a) The brand or trade name and general description of each product and its packaging;

(b) Dates on or during which You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) worked with or were exposed to each product;

(c) The name of Your or Your Decedent's (or, if alleging secondary exposure, the primarily exposed individual's) employers during the period of time that You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) worked with or were exposed to each product;

(d) Each job site and location (including specific address) where You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) worked with or were exposed to each product;

(e) Names and addresses of Your or Your Decedent's (or, if alleging secondary exposure, the primarily exposed individual's) supervisor(s) or superintendent(s) at each job site or location where You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) worked with or were exposed to each product;

(f) The names and last known addresses of all individuals whom You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) worked with or near during Your or Your Decedent's (or, if alleging secondary exposure, the primarily exposed individual's) exposure to each said product;

(g) The manner and method in which You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) handled each product including tools used;

(h) Your or Your Decedent's (or, if alleging secondary exposure, the primarily exposed individual's) job title and job duties at time of Your or Your Decedent's (or, if alleging secondary exposure, the primarily exposed individual's) exposure to each product;

(i) The nature and detail of the work performed;

(j) The total amount of time during which You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) worked with or were exposed to each product;

(k) The name and address of the company that distributed each product.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative. Subject to the objection, plaintiff's make the following statement of claims being made and subject to proof at trial: Mr. O'Keefe worked around insulators cutting or installing preformed asbestos containing pipe covering, including without limitation Kaylo, as early as

1955 and throughout his career of which Owens-Illinois Inc. was responsible for prior to 1959.

8. Identify all packaging materials, containers, purchase orders, invoices, packaging slips, delivery slips or any other documents pertaining to the products identified in response to Interrogatory No. 3.

**ANSWER:** Plaintiff's counsel states that materials responsive to this interrogatory, if any, will be available for inspection and related activities as requested at CVLO in Chicago.

9. Identify any and all photographs, films, diagrams or other graphic representations of each product identified in answer to Interrogatory No. 3.

**ANSWER:** Plaintiff's counsel states that materials responsive to this interrogatory, if any, will be available for inspection and related activities as requested at CVLO in Chicago.

11. Identify by name, address, telephone number, employer and job title each individual who witnessed or can testify about Your or Your Decedent's (or, if alleging secondary exposure, the primarily exposed individual's) use of or exposure to the product(s) identified in answer to Interrogatory No. 3.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative. No additional information is known other than what was answered in the response to standard interrogatories.

13. Are You alleging exposure to an Owens-Illinois product as a result of any service in, or work performed for, the U.S. Navy? If so, state:

(a) Each vessel on which You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) worked, and for each:

(i) The dates during which You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) served on each vessel;

(ii) The hull number and class of vessel;

(iii) You or Your Decedent's (or, if alleging secondary exposure, the primarily exposed individual's) rate and job title;

(iv) Dates, if any, on or during which each ship was dry docked;

(v) Location of each such drydock;

(vi) General nature of the work performed at each drydock.

(b) Each shipyard at which You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) worked, and for each:

(i) The locations of each such shipyard;

(ii) The dates during which You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) worked at each shipyard;

(iii) The general nature of work You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) performed at each shipyard.

**ANSWER:** No Navy exposure is being claimed.

14. Have You or Your Decedent ever filed a claim for and/or received any workers' compensation benefits? If so, state the name and address of the employer against whom You or Your Decedent filed for and/or received benefits, the date of the alleged accident, accidents, exposure or illness, the description of the alleged accident, accidents, exposure or illness, the nature of the injuries claimed by You or Your Decedent and the name of the insurance company, if any, who paid such benefits.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

16. Were You or Your Decedent ever a participant in or monitored for an air sampling test for asbestos exposure while handling, cutting, modifying, installing, using or removing insulation of any type? If so, state the following:

(a) When and where the tests were conducted;

(b) The person or entity who conducted the tests;

(c) The type of material You or Your Decedent worked with or were exposed to while the tests were conducted;

(d) The procedure being performed with the material while the tests were being conducted;

(e) What were the results of such tests;

(f) Whether You have copies of the reports or results from such tests;

(g) State the name and current address of the person or entity that has copies of such test results or reports.

**ANSWER:** It is unknown at this time whether Mr. O'Keefe was ever a participate in this type of testing. No additional information is known.

20. State the date on which You first suspected the that the injuries and/or disease alleged in Your Complaint were in any way related to being exposed to asbestos and state the reasons for Your suspicions.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

21. State the date on which the injuries and/or diseases described in Interrogatory 20 were first diagnosed and communicated to You or Your Decedent; state the name and address of the physician, specialist, clinic, hospital or similar institution which first diagnosed said injuries and/or diseases and state the manner in which the diagnosis was communicated to You or Your Decedent (whether it was written or oral).

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

22. With regard to the injuries You describe in Your Complaint and which You allege have been or were sustained by You or Your Decedent, state:

(a) The name and address of each attending physician and/or health care professional;

(b) The name and address of each consulting physician and/or health care professional;

(c) The name and address of each person and/or laboratory taking any X-ray, MRI, CT scan and/or other radiological tests of You or Your Decedent;

(d) The name and address of each person and/or laboratory taking any tissue samples and/or other pathologic tests of You or Your Decedent;

(e) The date or inclusive dates on which each of them rendered You or Your Decedent service;

(f) The amounts to date of their respective bills for service; and,

(g) From which of them You have written reports.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative. No additional information is known other than what was answered in the responses to standard interrogatories, and defense counsel has authorization to obtain medical records for Mr. O'Keefe.

24. As a result of the injuries described in Your Complaint and which You allege have been or were sustained by You or Your Decedent, were You or Your Decedent unable to work? If so, state:

(a) The name and address of Your or Your Decedent's employer, if any, at the time You or Your Decedent first became unable to work, Your or Your Decedent's wage and/or salary, and the name Your or Your Decedent's supervisor and/or foreperson;

(b) The date of inclusive dates on which You or Your Decedent were unable to work;

(c) The amount of wage and/or income loss claimed by You or Your Decedent; and

(d) The name and address of Your or Your Decedent's present employer and Your or Your Decedent's wage or salary.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative. Subject to the objection, plaintiff is not making a claim for lost wages and no additional information is known other than what was answered in the responses to standard interrogatories.

25. State any and all other expenses and/or losses You claim as a result of the injuries You describe in Your Complaint and which You allege have been or were sustained by You or Your Decedent. As to each expense and/or loss, state the date or dates it was incurred, the name of the person, firm and/or company to whom such amount(s) are owed, whether the expenses and/or loss in question has been paid and, if so, by whom it was so paid, and describe the reason and/or purpose for each expense and/or loss.

**ANSWER:** Expenses and losses will be addressed at a later date, including without limitation upon expert disclosure.

26. Are You alleging a clam of civil conspiracy against Owens-Illinois? If so, state:

(a) each member of the alleged conspiracy;

(b) the date on which Owens-Illinois learned of the existence of the alleged conspiracy;

(c) the date on which Owens-Illinois knowingly and intentionally joined in the alleged conspiracy;

(d) the duration of Owens-Illinois's participation in the alleged conspiracy;

(e) each act in furtherance of the alleged conspiracy that was performed by Owens-Illinois;

(f) each act in furtherance of the alleged conspiracy by any alleged conspirator; and

(g) each act of the alleged conspiracy that was ratified by Owens-Illinois, including the date and manner of ratification.

**ANSWER:** No conspiracy claim is alleged.

Dated: April 20, 2012

Attorney for plaintiff

Robert G. McCoy
Kristen Stambaugh
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308
312-944-0600
fax: 312-944-1870
email: bmccoy@cvlo.com

PROOF OF SERVICE
The undersigned certifies that the foregoing document was served upon all counsel of record in the above matter via e-mail on April 19, 2012.
Cascino Vaughan Law Offices

By: ____________________

**REQUESTS TO PRODUCE**

1. All purchase orders, invoices, bills of sale, bills of lading, sales receipts, contracts or other documents reflecting the sale or delivery of any products You claim were manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois to any job site where You claim You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) was exposed to these products.

   ANSWER: Plaintiff has none. Plaintiff's counsel states that: inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

2. All samples of products You claim were manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois.

   ANSWER: None.

3. All cartons, containers, boxes, wrappers, etc. that You claim contained products which You further claim were manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois.

ANSWER: None.

4. All documents, photographs, video tapes, movies, notes, textbooks, memorandum, etc. that You or Your Decedent used or reviewed for the purpose of identifying or refreshing their recollection regarding any products the You claim were manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois.

ANSWER: Objection. Interrogatory requests information protected pursuant to the attorney-client privilege and is a privileged communication. Subject to this objection, my attorneys state: None.

5. All photographs, movies, video tapes or other graphic representations of products You claim were manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois.

ANSWER: Plaintiff has none. Plaintiff's counsel states that: inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

6. All photographs, movies, video tapes or other graphic representations depicting You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) performing, or in proximity to others performing, insulation work.

ANSWER: None.

7. All photographs, movies, video tapes or other graphic representations in your possession or control depicting You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) on any jobsite or at any location where exposure to a product manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois is alleged.

ANSWER: None.

8. All catalogs, pamphlets, brochures or product fact sheets concerning any products You claim were manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois.

ANSWER: Plaintiff has none. Plaintiff's counsel states that: inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

9. All statements, written or recorded in some other manner, by any witness, co-worker, etc. that relates to the exposure of You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) to products allegedly manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois, or that relate to the use of or presence of any products allegedly manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois, or claimed to be at or in the vicinity of any site at which You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) worked.

ANSWER: Objection. This discovery request is unreasonably cumulative or duplicative. No additional information is known other than what was answered in the responses to standard interrogatories. Further, Plaintiff's counsel states that: inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

10. Regarding all tests where You or Your Decedent has been monitored for asbestos exposure at any time, produce the following:

(a) A list of such tests including the date of such tests, the site of such tests, the operation performed by You or Your Decedent or others during the tests and the identity of the individual(s) who supervised, monitored or performed the test;

(b) All reports prepared in connection with or regarding such tests;

(c) The results of each such tests.

ANSWER: Objection. This discovery request is unreasonably cumulative or duplicative. No additional documents are known by the plaintiff or counsel at this time beyond what, if anything, has already been provided through the materials referred to in the general response to these interrogatories and requests for production of documents. Subject to the objection, plaintiff responds as follows: Testing was done by medical providers and that information is included in the responses to standard interrogatories and the medical information that defendants have authorization to obtain.

11. All documents including, but not limited to correspondence, testing data, articles, textbooks, memoranda, catalogs, surveys, statutes or standards relied upon by You and Your witnesses or experts to demonstrate or to form the basis for any conclusion or opinion that insulation or any other products allegedly manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois

are unreasonably dangerous or that Owens-Illinois was negligent in the manufacture, sale, packaging, design or distribution of those products.

ANSWER: Plaintiff has none. Plaintiff's counsel states that: inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any. Further, any materials relied upon by experts will be addressed at expert disclosure.

12. All reports, tests, test results or data or other documents that report on the exposure levels of asbestos fibers caused by the use, handling, installation, removal or disposal of insulation that contain asbestos.

ANSWER: Objection. This discovery request is overly broad, unduly burdensome, unlimited in time and scope, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to the objection, plaintiff's counsel states that, inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

13. All reports, tests, test results, testing data, thesis, treatises, studies or other documents regarding the aerodynamic properties of asbestos fibers released, if any, from asbestos-containing insulation.

ANSWER: Objection. This discovery request is overly broad, unduly burdensome, unlimited in time and scope, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to the objection, plaintiff's counsel states that, inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

14. All bulk sampling reports, test data or other results regarding any products You claim were manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois.

ANSWER: Plaintiff has none. Plaintiff's counsel states that inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

15. All models, tests, demonstrations, movies, video tapes, etc. the You may use in the trial of this case as demonstrative evidence regarding any products allegedly manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois.

ANSWER: Plaintiff's counsel states that what may be used at trial is unknown at this time.

16. A copy of any videotapes, products, brochures, labels or any other physical evidence related in any way to Owens-Illinois.

ANSWER: Plaintiff has none. Plaintiff's counsel states that: inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

21. All videotapes depicting depositions of You, Your Decedent, any co-worker, or any witness, etc. that relates to the exposure of You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) to products allegedly manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois, or that relate to the use of or presence of any products allegedly manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois, or claimed to be at or in the vicinity of any site at which You or Your Decedent (or, if alleging secondary exposure, the primarily exposed individual) worked.

ANSWER: None.

Dated: April 20, 2012

Attorney for plaintiff

Robert G. McCoy
Kristen Stambaugh
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308
312-944-0600
fax: 312-944-1870
email: bmccoy@cvlo.com

PROOF OF SERVICE
The undersigned certifies that the foregoing document was served upon all counsel of record in the above matter via e-mail on April 20, 2012.
Cascino Vaughan Law Offices

By ______________________

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. MDL 875 |
| NADRA O'KEEFE v. AGA GAS INC et al | PA-ED No. 08-CV-92210<br>*Trans from IL-C Case No.* |

**Verification**

Nadra O'Keefe states that as the personal representative for Robert O'Keefe, she has reviewed the answers to Plaintiff's Response to Owens-Illinois, Inc.'s Product Specific Discovery Requests in accordance with applicable law and verifies that the answers are true and correct to the best of her information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Nadra O'Keefe
Nadra O'Keefe

Signed this 19 day of May, 2012